**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001088
29-JUN-2015
09:51 AM**

NO. CAAP-14-0001088

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CORY WAIALEALE, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(S.P.P. NO. 13-1-0006 (CR. NO. 02-1-0317))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

On November 13, 2013, Petitioner-Appellant Cory Waialeale (Waialeale) filed a petition for post-conviction relief (Petition)[1] pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006) in the Circuit Court of the Fifth Circuit (Circuit Court).[2] On August 7, 2014, the Circuit Court filed its findings of fact, conclusions of law, and order denying the Petition (Order Denying Petition).

---

[1] The Petition was entitled "Petition to Correct Illegal Restraint by the [Hawai'i Paroling Authority's] Failure to Set a Fixing of Minimum Hearing Within Six Months of Petitioner's Sentencing by the Court Through a Writ of Habeas Corpus Pursuant to [Hawaii Revised Statutes] § 660 and [Hawai'i Rules of Penal Procedure] Rule 40(a),(1),(i) and (a),(2),(iii)."

[2] The Honorable Kathleen K.A. Watanabe presided.

Waialeale appeals from the Order Denying Petition. As explained below, we conclude that Waialeale's appeal has become moot, and we therefore dismiss his appeal.

I.

In the underlying criminal case, Cr. No. 02-1-0317, Waialeale was convicted of credit card theft (Count 1); fraudulent use of credit card (Count 2); second-degree theft (Count 3); and first-degree computer fraud (Count 4). In August 2003, he was initially sentenced to five years of probation on each count. Waialeale was subsequently indicted and convicted of additional charges in Cr. No. 03-1-0189, Cr. No. 03-1-0214, and Cr. No. 05-1-0179. In July 2005, his probation in Cr. No. 02-1-0317 was revoked, and he was sentenced to the maximum indeterminate terms of imprisonment on each count (five years on Counts 1, 2, and 3 and ten years on Count 4) to run concurrently with each other, but consecutively to terms of imprisonment imposed in other cases. In November 2005, the Hawai'i Paroling Authority (HPA) issued an order fixing Waialeale's minimum terms of incarceration on his convictions in Cr. No. 02-1-0317.

In September 2008, Waialeale was released on parole. In October 2009, Waialeale's parole was revoked. In September 2011, Waialeale filed a petition for post-conviction relief in S.P.P No. 11-1-001. Waialeale and Respondent-Appellee State of Hawai'i (State) subsequently entered into an agreement which provided, among other things, that: (1) Waialeale would be granted post-conviction relief to have the judgment in Cr. No. 02-1-0317 vacated; (2) Waialeale would then plead no contest to the charges in Cr. No. 02-1-0317; and (3) the State would not object to Waialeale's motion regarding credit for time served. Pursuant to the agreement, the original judgment in Cr. No. 02-1-0317 was vacated, Waialeale pleaded no contest, and he was sentenced to the maximum indeterminate terms of imprisonment on each count, with the new judgment filed on February 15, 2013.

There was some confusion regarding credit for time served under the new judgment, which was resolved by a

stipulation to clarify and amend the new judgment that was approved by the Circuit Court and was filed on September 25, 2013. Based on this stipulation, the Department of Public Safety recalculated Waialeale's credit for time served and determined that his last remaining sentence in Cr. No. 02-1-0317 (the ten-year term on Count 4) would expire on February 19, 2015.

The HPA did not hold a hearing to fix Waialeale's minimum term of incarceration on the new sentence imposed under the new judgment in Cr. No. 02-1-0317. Instead, the HPA decided to hold a parole hearing, which was initially set for February 27, 2014, but was continued to and held on April 30, 2014. After the parole hearing, the HPA denied Waialeale parole, stating as the reason for its denial that "HPA is not convinced that you can substantially comply with the terms and conditions of parole."

As noted, the Petition underlying his appeal was filed on November 6, 2013, and the Circuit Court's Order Denying Petition was filed on August 7, 2014. Briefing in this appeal was completed on March 17, 2015, and the merit panel was assigned on April 27, 2015.

II.

On appeal, Waialeale contends that: (1) the HPA violated his rights by failing to hold a hearing to fix his minimum term of imprisonment pursuant to Hawai'i Revised Statutes (HRS) § 706-669 (2014) within six months of his new sentence; (2) the failure of the HPA to hold a minimum term hearing within six months constituted a breach of his agreement with the State; (3) his counsel was ineffective for failing to protect his right to a minimum term hearing; and (4) the procedure used by the Circuit Court in filing the Order Denying Petition violated HRPP Rule 44A(1) (2011).

HRS § 706-669 provides that when a defendant is sentenced to an indeterminate term of imprisonment, the HPA shall hold a minimum term hearing within six months after the defendant is committed to the custody of the Department of Public Safety (DPS). Under HRS § 706-669, it appears that the HPA should have

3

held a minimum term hearing within six months after Waialeale was committed to the custody of the DPS under the new 2013 sentence imposed in Cr. No. 02-1-0317. However, given the particular circumstances in this case, it may have been more advantageous to Waialeale for the HPA to hold a parole hearing, as it did on April 30, 2014, rather than a minimum term hearing.

In any event, based on our review of the record, we conclude that Waialeale's appeal is moot because he has been released from prison with respect to the sentence imposed in Cr. No. 02-1-0317. Waialeale's claims are all founded on his contention that the HPA violated his rights by failing to hold a hearing to fix his minimum term of imprisonment after his new sentence was imposed in 2013. The relief he sought in his Petition was the release from imprisonment based on this alleged violation of his rights. However, the record shows that Waialeale's maximum sentence on the longest sentence imposed in Cr. No. 02-1-0317 expired on February 19, 2015. Waialeale's release from imprisonment is also confirmed by the notice of change of address he filed with this court on February 24, 2015, which stated that he had been released from prison and provided a Kauaʻi address as his new residence address. Because Waialeale has been released from imprisonment, his claims, which are founded on the HPA's failure to hold a hearing to fix his minimum term of imprisonment, are moot. Accordingly, we dismiss Waialeale's appeal as moot.

DATED: Honolulu, Hawaiʻi, June 29, 2015.

On the briefs:

Cory S. Waialeale
Petitioner-Appellant
Pro Se

Lisa M. Itomura
Diane K. Taira
Deputy Attorneys General
Office of the Attorney General
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

4